UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Docket No. 1:13-cv-12152-NMG

RICHARD H. DORT,

PLAINTIFF

v.

PETER G. SILVA ,CHIEF OF POLICE
ESSEX POLICE DEPARTMENT,

DEFENDANT

## MOTION TO REMAND AND
## MEMORANDUM OF LAW IN SUPPORT

Plaintiff, Richard H. Dort, by and through undersigned counsel, hereby files this Motion

to Remand pursuant to 28 U.S.C. § 1447 and as grounds states:

Removal of Plaintiff Richard H. Dort's state court Petition for Review *in toto* places this

Court in the dubious position of having to predict an unclear question of state law and to then

rule on whether that state law, as predicted, violates Plaintiff's federal constitutional rights.  This

presents several related jurisprudential problems.  These problems compel severing and

remanding Plaintiff's state law claim, and retaining jurisdiction to hear the federal constitutional

claim that will remain (and be clarified) should the state court not grant relief.

This brief begins by showing that Plaintiff's claim for judicial review of Defendant Chief

Silva's decision to suspend his License to Carry Firearms ("LTC") is not within this Court's

supplemental jurisdiction.  This state law claim does not arise from the same nucleus of operative

facts as Plaintiff's federal constitutional claim because each claim turns on different considerations and different evidence.

Separate and apart from this, the Plaintiff's "suitability" to be licensed under Massachusetts law – the most significant issue that Plaintiff's state law claim presents – is an unclear area of state law, as the Massachusetts Supreme Judicial Court has itself recently recognized. Pullman abstention is appropriate because the state court in which Plaintiff commenced this action may well resolve that issue of state law in a manner that obviates the need for this Court to rule. Moreover, in the absence of a remand, this Court's prediction as to whether or not a Massachusetts state court *would* find Plaintiff to be "suitable" after determining the true state of facts would be little more than guesswork. Thus, even if a remand does not eliminate Plaintiff's federal claim, it would still serve to clarify precisely what that claim is.

## FACTUAL AND PROCEDURAL HISTORY

### 1) The Massachusetts Handgun Licensing Framework

In Massachusetts, a person needs a License to Carry Firearms ("LTC") in order to possess a handgun. See M.G.L. c. 140, §§ 129B(6), 129C; M.G.L. c. 269, § 10(a). Section 131 of Chapter 140 of the Massachusetts General Laws governs the issuance of LTC's. Under § 131, local police chiefs are normally the officials who issue LTC's. See id. c. 140, § 131(d).

Massachusetts law sets a number of conditions and requirements for the issuance of LTC's, but only two are pertinent here. First and most significantly, a person cannot be issued an LTC unless he or she is "a suitable person to be issued such license." Id. Second, any person who has been "confined" to a mental health institution must "submit[] with his application an affidavit of a registered physician. . . ." Id. § 131(d)(ii). A police chief can suspend or revoke an

LTC "upon the occurrence of any event that would have disqualified the holder from being issued such license or from having such license renewed." Id. § 131(f).

### 2) Suspension of Plaintiff's Handgun License

Defendant Chief Silva issued an LTC to Plaintiff in 2008, and this LTC was valid and in force up until the April 2013 suspension that this case concerns. In a letter dated April 26, 2013, Defendant suspended Plaintiff's LTC for two cited grounds. First, Defendant contended that Plaintiff was "deemed to be an unsuitable person" because of an alleged "Statement made about having loaded guns and going after specific party. After being spoken to, continues to display anger and disdain towards members of the police department, including the Chief of Police." Second, Defendant asserted that Plaintiff "ha[d] been confined to any hospital or institution for mental illness and ha[d] not submitted with [his] application, an affidavit of a registered physician. . . ." See Exhibit A to Petition for Judicial Review ("Petition") (Doc. No. 1-1).

### 3) Plaintiff Seeks Judicial Review, Asserting Both State Law and Federal Constitutional Claims

Plaintiff vigorously disputes the factual grounds cited by Defendant, as well as Defendant's conclusion that Plaintiff is not "suitable." Plaintiff did *not* "go[] after [a] specific party" with "loaded guns," and Plaintiff has *not* been "confined" to a mental institution. (And in any event, as soon as Defendant raised this issue Plaintiff provided the requisite physician's affidavit attesting to his mental health and fitness.) See Petition ¶¶ 3-10, pp. 3-5, Ex. B (Doc. No. 1-1); see also Dec. of Richard C. Chambers, Jr. Esq. (submitted herewith) ¶¶ 2-3.

Massachusetts law provides Plaintiff the right to "file a petition to obtain judicial review [of the suspension of his LTC] in the district court having jurisdiction. . . ." See M.G.L. c. 140, § 131(f). The district court can reinstate the LTC if "there was no reasonable ground for . . . suspending . . . such license." Id. This entails an examination of whether Defendant's decision

was "arbitrary, capricious, or an abuse of discretion." <u>Firearms Records Bureau v. Simkin</u>, 466

Mass. 168, 179 (2013) (quoting <u>Chief of Police of Shelburne v. Moyer</u>, 453 N.E.2d 461, 464, 16

Mass. App. Ct. 543, 546 (App. Ct. 1983)).  Plaintiff is entitled to an evidentiary hearing to

determine the true state of facts.  <u>See Godfrey v. Chief of Police of Wellesley</u>, 616 N.E.2d 485,

487, 35 Mass. App. Ct. 42, 44-45 (App. Ct. 1993).  Significantly, the district court can reinstate

Plaintiff's LTC if it finds that Defendant's revocation rests on an untrue factual premise.  <u>See</u>

<u>Gemme v. Ricciardi</u>, no. 07-1331-D, 2008 Mass. Super. LEXIS 399, *8-9 (Mass. Dist. Ct. Dec.

18, 2008).

Plaintiff invoked his state law right to judicial review by filing a Petition for Judicial

Review in the Gloucester District Court on July 24, 2013.  Plaintiff's Petition asserts two sets of

claims.  First, Plaintiff asserts that Defendant's decision to suspend his license on the cited

grounds is arbitrary, capricious, and an abuse of discretion (the "state law claim").  <u>See</u> Petition ¶

3 & pp. 4-5.  Second, Plaintiff's "federal constitutional claim" contends that § 131's "suitable

person" requirement, as applied against him based on the true facts of this case, violates his

Second Amendment right to keep and bear arms.  <u>See</u> Petition ¶¶ 3-10, pp. 3-5, Ex. B (Doc. No.

1-1); <u>see also</u> Dec. of Richard C. Chambers, Jr. Esq. ¶¶ 2-5.  This claim will not arise unless and

until Plaintiff fails to obtain relief on his state law claim:  if the court reviewing this claim

concludes that Plaintiff is in fact a suitable person, then it should order the restoration of his

LTC, obviating the need for this Court to review Plaintiff's federal constitutional claim.

Defendant removed to this Court on August 29, 2013 on the ground that the federal

constitutional claim confers original jurisdiction.  <u>See</u> Notice of Removal (Doc. No. 1) ¶ 2.

## <u>ARGUMENT</u>

### (A) There is No Original or Supplemental Jurisdiction Over the State Law Claim

The state law claim is plainly outside this Court's original jurisdiction: it does not arise under the laws of the United States, it is not between citizens of different states, and there is no other basis for federal jurisdiction. See generally 28 U.S.C. §§ 1331-32. Rather, Massachusetts law creates this right of action and vests jurisdiction in the Massachusetts District Court with jurisdiction over the aggrieved person. See M.G.L. c. 140, § 131(f).

Supplemental jurisdiction also does not apply. Supplemental jurisdiction would apply only if the state law claim was "so related to [the federal constitutional claim] that [it] form[ed] part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The state law claim would need to "arise from the same 'common nucleus of operative fact'" as the federal claim. See Global Naps, Inc. v. Verizon New England, Inc., 603 F.3d 71, 86 (1st Cir. 2010) (quoting United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966)).

Here, the state law claim and the federal constitutional claim concern the same *injury* – the loss of Plaintiff's LTC – but they do not arise from the same set of operative facts. Rather, each claim concerns different facts and different witnesses. See Serrano-Moran v. Grau-Gaztambide, 195 F.3d 68, 69-70 (1st Cir. 1999) (claims against police officers and medical providers did not arise from common nucleus of operative fact, even though both acts were alleged to have caused the same injury – wrongful death – to the plaintiff). The essential issues in the state law claim are finding the true state of facts, and then determining whether those facts justify Defendant's actions – that is, whether they make Plaintiff "unsuitable" or otherwise justify the grounds cited by Defendant. In contrast, the essential issue in the federal constitutional claim is whether it violates the federal constitution to deny Plaintiff his right to keep and bear arms on the ground that he is not "suitable."

The appropriate course of action is to sever the state law claims from the action and remand them to the Gloucester District Court for determination.  See 28 U.S.C. § 1441(c)(2).

**(B) The "Suitable Person" Standard is an Unclear Question of State Law**

Even if supplemental jurisdiction can extend to cover the state law claim, the appropriate course of action is still to decline to exercise supplemental jurisdiction because "the claim raises a novel or complex issue of State law."  28 U.S.C. § 1367(c)(1).

Massachusetts statutes do not define the "suitable person" standard, and – as the Supreme Judicial Court recently observed – "the limits of unsuitability *have not been clearly established* by [Massachusetts] case law."  Firearms Records Bureau v. Simkin, 466 Mass. 168, 180 (2013) (emphasis added).  In that case, the Supreme Judicial Court observed that "a person may be found unsuitable for a variety of reasons, including conduct that falls outside of the enumerated disqualifiers and conduct that falls short of criminal behavior."  Id.  There are no written standards to govern suitability determinations, and under Massachusetts state law, this makes these determinations "more susceptible to attack on the ground that they are arbitrary and capricious."  Id. at 182.

State court decisions pre-dating Simkin duly reflect that the contours of the suitability standard are unclear, describing the determination as one involving "'considerable latitude' or broad discretion" to determine whether individuals are "suitable."  Chardin v. Police Comm'r of Boston, 989 N.E.2d 392, 395, 465 Mass. 314, 316 (2013) (quoting Ruggiero v. Police Comm'r of Boston, 464 N.E.2d 104, 107, 18 Mass. App. Ct. 256, 259 (App. Ct. 1984)).  One Superior Court described the inquiry as seeking to determine whether an applicant is "a sufficiently responsible person to be entrusted with a license to carry firearms."  Wetherbee v. Costerus, no. 00-2352, 2001 Mass. Super. LEXIS 216, *24 (Mass. Super. Ct. May 1, 2001).

These state court precedents leave it very unclear whether any particular person is or is not "suitable." Indeed, the history of the recent <u>Simkin</u> decision bears this out. There, the licensing official found that the licensee was no longer "suitable," while the Chelsea District Court found that he was, the Superior Court disagreed and found that he was not, and the Supreme Judicial Court also disagreed and reversed, ultimately finding the licensee "suitable." <u>See id.</u> at 168-69.

There is very little basis for this Court to predict how state courts would resolve the suitability issue under the true state of facts. A definitive state-court ruling is needed to clarify – and potentially obviate – Plaintiff's federal constitutional claim.

### (C) This Court Should Abstain Until the Gloucester Court Resolves the State Law Claim

Abstention pursuant to <u>Railroad Comm'n of Texas v. Pullman Co.</u>, 312 U.S. 496 (1942), is appropriate because there is "substantial uncertainty . . . over the meaning of the state law in question" and "settling the question of state law will or may well obviate the need to resolve a significant federal constitutional question." <u>Fideicomiso de la Tierra del Cano Martin Pena v. Fortuno</u>, 604 F.3d 7, 16 (1st Cir. 2010) (quoting <u>Batterman v. Leahy</u>, 544 F.3d 370, 373 (1st Cir. 2008)). "[A]mong those cases that call most insistently for abstention are those in which the federal constitutional challenge turns on a state statute, the meaning of which is unclear under state law." <u>Harris County Comm'rs Court v. Moore</u>, 420 U.S. 77, 84 (1974); <u>accord</u> <u>Ford Motor Co. v. Meredith Motor Co.</u>, 257 F.3d 67, 71 (1st Cir. 2001).

As the foregoing section shows, it is not at all clear that Plaintiff is not "suitable" under Massachusetts law. <u>Pullman</u> abstention is appropriate because the federal Constitution will only be implicated if this unclear state law issue is resolved against Plaintiff. <u>See Ford Motor Co.</u>, 257 F.3d at 71. If the Gloucester District Court determines that Plaintiff is indeed "suitable,"

then it will (presumably) overturn the suspension under § 131(f) – and this Court will never need to determine whether the "suitability" standard applied to Plaintiff violates his Second Amendment rights.

The case for abstention is especially compelling because the issue for resolution in the federal constitutional claim is not clear.  In the absence of a remand, this Court would need to first determine the true state of facts, and it would then need to predict whether or not a Massachusetts state court would conclude that those facts rendered Plaintiff unsuitable.  Then, this Court would need to rule on the constitutionality of the "suitability" determination that it has predicted on behalf of the state court.  But, if the state court resolves the state law question first, then the result will be "a different, more specific and more powerful federal constitutional claim" – assuming any claim remains at all.  See Romany v. Colegio de Abogados de Puerto Rico, 742 F.2d 32, 42 (1st Cir. 1984).

One final factor that counsels in favor of abstention is the fact that Plaintiff has already commenced the pertinent state court proceeding.  See Ford Motor Co., 257 F.3d at 72 (a pending state court action as a "third factor [that] counsels in favor of abstention"); see also Harris County Comm'rs Ct. v. Moore, 420 U.S. 77, 83 (1975) ("Where there is an action pending in state court that will likely resolve the state-law questions underlying the federal claim, we have regularly ordered abstention."); Santasucci v. Gallen, 607 F.2d 527, 529 (1st Cir. 1979).  A previously filed state court action is "special factor" that strengthens the case for abstention.  See Romany, 742 F.2d at 42.

The appropriate course is for this Court to remand the state law claim and stay the remainder of these proceedings until the state court has ruled – when it will be clear whether there is any further federal controversy to decide.  See Moses H. Cone Mem'l Hosp. v. Mercury

Constr. Corp., 460 U.S. 1, 10 (1983) ("A district court stay pursuant to Pullman abstention is entered with the expectation that the federal litigation will resume in the event that the plaintiff does not obtain relief in state court on state-law grounds."); Mangual v. Rotger-Sabat, 317 F.3d 45, 63 (1st Cir. 2003); Ford Motor Co., 257 F.3d at 73 (district court retains jurisdiction pending final review of board's decision in state courts).

CONCLUSION

This case compels a remand of the state law claim so that the Massachusetts state court can resolve a predicate question of law that is unclear under state court precedents. The state court's resolution of this question may well eliminate any need for this court to rule at all, and to the extent it does not, the state court's ruling will provide clarification that is needed for this court to meaningfully address Plaintiff's federal constitutional claim.

RESPECTFULLY SUBMITTED,
Richard H. Dort, Jr.,
By his Attorney,

/s/ Richard C. Chambers, Jr.

Richard C. Chambers, Jr. BBO#651251
220 Broadway, Suite 404
Lynnfield, MA 01940
Telephone (781) 581-2031

Dated: September 27, 2013

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the ECF system will be sent

electronically to the registered participants as identified on the Notice of Electronic Filing (NEF)

and paper copies will be sent to those indicated as non-registered participants on September 27,

2013.

/s/ Richard C. Chambers, Jr.

_____
Richard C. Chambers, Jr.