UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CA No. 13-cv-12152-NMG

RICHARD H. DORT,
    Plaintiff,

v.

PETER G. SILVA, CHIEF OF POLICE
ESSEX POLICE DEPARTMENT,
    Defendant.

## DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

Now comes the Defendant, Peter G. Silva, Chief of Police and makes this his Opposition to the Plaintiff's Motion to Remand pursuant to 28 U.S.C. § 1447.

The removal of Plaintiff Richard H. Dort's (hereinafter "Dort") state court Petition (Complaint) for Review *in toto* was proper under 28 U.S.C. § 1441. Furthermore, it does not place this Court in the "dubious position of having to predict an unclear question of state law and to then rule on whether that state law, as predicted, violates Plaintiff's federal constitutional rights."

## RELEVANT FACTS

The Plaintiff, Richard H. Dort, resides in Essex, MA and has held a License to Carry Firearms (LTC) since 2008. (Plaintiff's Petition for Judicial Review of the Suspension of His License to Carry Firearms, ("Petition")). On or about April 26, 2013, the Plaintiff received a letter from the Defendant, Acting Police Chief Peter G. Silva, suspending his LTC based upon his determination that the plaintiff was an unsuitable person with regards to the application because of a confinement to a hospital or institution for mental illness, the failure to submit an

1

affidavit with the application from a physician relative to the applicant's mental condition, because of statements the applicant/plaintiff made about having loaded guns and going after a specific person and anger and distain toward members of the police department. (Petition Exhibit A) The Petition, which is the statutory procedure to "appeal" a Chief of Police's denial or suspension of a gun permit, also contained federal civil rights claims. The Defendant removed the Petition to this Court based on Federal Question jurisdiction.

## ARGUMENT

### (A) There is Original or Supplemental Jurisdiction Over the State Law Claim

The Plaintiff argues that this Court does not have original or supplemental jurisdiction over the state law claim and should therefore sever the state law claim from the action and remand it to the Gloucester District Court for further review.

28 U.S.C. § 1331 states, "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." The Plaintiff has chosen to file a complaint alleging a violation of his federal constitutional rights under the Second Amendment. Therefore, this poses a federal question and the district court should have original jurisdiction.

Even if original jurisdiction does not apply, supplemental jurisdiction over the state law claim applies. 28 U.S.C. 1367(a) states that in order for supplemental jurisdiction to apply the state law claim must be "so related to the federal constitutional claim that it formed part of the same case or controversy under Article III of the United States Constitution." This means that the state law claim and the federal claim would have to "arise from the same 'common nucleus of operative fact." See Global Naps, Inc. v. Verizon New England, Inc., 603 F.3d 71, 86 (1st Cir. 2010) (quoting United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966)).

In this case, both the state law claim and the federal constitutional claim arise from the suspension of Dort's LTC by Defendant Silva due to the fact that he is no longer "suitable" under M.G.L. c. 140 § 131. The state claim, which seeks to overturn Defendant Silva's decision to suspend Dort's LTC, and the federal constitution claim, which states that Defendant Silva's decision to suspend Dort's LTC on the ground that he is not "suitable" violates his right to keep and bear arms are linked because the "facts necessary to prove a violation of the one are practically the same as those needed to prove a violation of the other." Pueblo Int'l, Inc. v. De Cardona, 725 F.2d 823, 826 (1st Cir. 1984). This is so agreed to by the plaintiff in his motion to remand where he claims that, "[t]his claim will not arise unless and until Plaintiff fails to obtain relief on his state law claim:…" Therefore, the suspension of the LTC is the event on which both claims are based and it is therefore the common nucleus of operative fact.

When state law claims are linked to federal constitutional claims by a common nucleus of operative fact, a district court has the power to hear the state claims, should they chose to do so. Pueblo Int'l, Inc. v. De Cardona, 725 F.2d 823, 826 (1st Cir. 1984) (quoting United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966)).

Thus, the appropriate course of action is for this Court is to hear and determine both the state claim and the federal constitutional claim instead of severing the state claim and remanding it to the Gloucester District Court and staying the proceedings of the federal claim. 28 U.S.C. § 1441(c)(1).

### B. The "Suitable Person" Standard is not an Unclear Question of State Law

The Plaintiff argues that even if supplemental jurisdiction applies to the state law claim, it should not be exercised because "the claim raises a novel or complex issue of State Law." 28 U.S.C. § 1367(c)(1).

3

The Massachusetts statute in question, M.G.L. c. 140 § 131, which in part deals with the suitability of the applicant, is not "novel or complex." In fact, it has been decided on many times. "…decisions of the Massachusetts courts demonstrate that no substantial uncertainty exists over the meaning of the term 'suitable person' under the statute. Those courts have held that the licensing authority's 'suitable person' determination comprises all judgments about the applicant that are 'reasonably related to effectuating the purposes of [ch. 140 § 131]." Pineiro v. Gemme, No. 10-40262-FDS, 2011 WL 4853019 (D. Mass. Oct. 12, 2011) (quoting MacNutt v. Police Com'r of Boston, 30 Mass,App.Ct. 632, 635 (1991).

Furthermore, there is no question as to the uncertainty over the "suitable person" standard pertaining to this case. It is quite clear as to why Dort did not meet the suitability standard. "At the first step of the inquiry, the licensing authority looks at the applicant's personal suitability for gun ownership. Several specific groups of applicants (for example, minors and the mentally ill) are categorically barred from gun possession. Pineiro v. Gemme, No. 10-40262-FDS, 2011 WL 4853019 (D. Mass. Oct. 12, 2011) (quoting M.G.L. c. 140 § 131(d)(i)-(vii)). In the suspension letter Dort received from Defendant Silva, it stated, "you are deemed to be an unsuitable person with regards to this application for the following reason:

> **"***You have been confined to any hospital or institution for mental illness and have not submitted with your application an affidavit of a registered physician attesting that such physician is familiar with your mental illness and that in such physician's opinion you are not disabled by such an illness in a manner that should prevent you from possessing a rifle, shotgun, or ammunition***."** ( Exhibit A to the Petition.)

Therefore, because Dort had been recently hospitalized for a psychiatric admission and failed to provide the necessary paperwork, he was classified as statutorily barred from being issued a LTC. [1]   Thus, the argument that the "suitable person" standard is not defined is irrelevant here. A definitive state court ruling to clarify and potentially obviate the Plaintiff's federal constitutional claim is unnecessary.

---

[1] An affidavit from the physician was attached to the Petition when it was filed in the Gloucester District Court, (Exhibit"B") but was not submitted with the application for the LTC. That affidavit indicated that the Plaintiff had been hospitalized for a psychiatric admission.

**C. This Court Should Not Abstain Under the Pullman Doctrine Until the Gloucester Court Resolves the State Law Claim**

The Pullman Doctrine "permits federal courts to stay adjudication of an action involving a "substantial constitutional issue" where "a definitive ruling on [a] state issue would terminate the controversy." Pineiro v. Gemme, No. 10-40262-FDS, 2011 WL 4853019 (D. Mass. Oct. 12, 2011) (quoting Railroad Comm'n of Tex. V. Pullman Co., 312 U.S. 496 (1942)).

In order for abstention to be proper under the Pullman Doctrine, two factors must be satisfied. "Abstention under the *Pullman* doctrine is appropriate only 'where (1) substantial uncertainty exists over the meaning of the state law in question, and (2) settling the question of state law will or may well obviate the need to resolve a significant federal constitutional question.'" *Id.* (quoting Batterman v. Leahy, 544 F.3d 370, 373 (1st Cir.2008)). Here, the facts do not satisfy the first requirement. There is no substantial uncertainty over the meaning of the state law in question. "Abstention when state law is unambiguous is impermissible, 'because it would convert abstention from an exception into a general rule.'" Pineiro v. Gemme, No. 10-40262-FDS, 2011 WL 4853019 (D. Mass. Oct. 12, 2011) (quoting Rivera-Puig v. Garcia-Rosario, 983 F.2d 311, 322 (1st Cir.1992). Therefore, because the language of M.G.L. c. 140 § 131 is unambiguous as it relates to this case, and Dort falls into a class of people that are categorically barred from having an LTC, abstention would be inappropriate. As a further reason why abstention is not applicable here,   there is no ambiguity as to the term "suitable person,"  This court in Pineiro said, "no substantial uncertainty exists over the meaning of the term "suitable person." Pineiro at 5.

**D. The Plaintiff Failed to Notify the State Attorney General Under Rule 5.1 of the Federal Rules of Civil Procedure**

When a plaintiff files a lawsuit that challenges the constitutionality of a state statute, proper notice must be given to the Attorney General. Rule 5.1 of the Federal Rules of Civil Procedure states, in relevant part, "(a) a party that files a pleading, written motion, or other paper drawing into question of the constitutionality of a federal or state statute must promptly:…(2) serve the notice and paper on the Attorney General of the United States if a federal statute is questioned--or on the state attorney general if a state statute is questioned--either by certified or registered mail or by sending it to an electronic address designated by the attorney general for this purpose. Fed. R. Civ. P. 5.1. The plaintiff is challenging the constitutionality of the denial of his LTC, which was based on a Massachusetts statute. Therefore, the Massachusetts Attorney General should have been given proper notice. As of this date, that has not happened.

## CONCLUSION

The appropriate course is for this Court to exercise its power under 28 U.S.C. § 1441 to hear both the federal and state claims together as they both arise from a common nucleus of operative fact and doing so would be the most effective and efficient way to resolve this matter. Wherefore, the Defendant respectfully requests that the court deny the Plaintiff's motion.

        Defendant,
        By his attorney,

        */s/ Bradford N. Louison*

        Bradford N. Louison (BBO#305755)
        Louison, Costello, Condon & Pfaff, LLP
        101 Summer Street, #4
        Boston, MA 02110
        (617) 439-0305
        blouison@lccplaw.com

## **CERTIFICATE OF SERVICE**

I, Bradford N. Louison, hereby certify that on the 4th of October, 2013, this document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), Richard C. Chambers, Jr. Chambers Law Offices, 220 Broadway, Suite 404, Lynnfield, Mass. 01940.

*/s/ Bradford N. Louison*

Bradford N. Louison