United States District Court
District of Massachusetts

| | |
|---|---|
| RICHARD H. DORT,  )  <br>  ) <br> Plaintiff,  ) <br>   ) <br> v.   ) <br>   ) <br> PETER G. SILVA, CHIEF OF POLICE, ) <br> ESSEX POLICE DEPT.   ) <br>   ) <br> Defendant.  )  <br>   ) | Civil Action No. <br> 13-12152-NMG |

**MEMORANDUM & ORDER**

**GORTON, J.**

This case arises out of the revocation by defendant Peter Silva, Chief of the Essex Police Department ("defendant" or "Silva"), of the firearms license of plaintiff Richard Dort ("plaintiff" or "Dort"). Dort possessed a valid License to Carry a firearm ("LTC") from 2008 until April, 2013, when it was suspended by defendant Silva. Plaintiff filed a petition in state court challenging the suspension. Defendant then removed the case to this Court after which plaintiff moved to remand.

On December 5, 2013, the Court allowed plaintiff's motion to remand with respect to his state law claim but denied it as to his purported constitutional challenge, "with memorandum and order to follow." Because the Court was not, however, convinced that plaintiff was actually asserting a constitutional challenge, that claim, to the extent it had been asserted, was

-1-

dismissed, without prejudice. The Court now publishes the anticipated memorandum.

I. **Background**

A. **Firearms Licenses in Massachusetts**

An LTC is required to possess a handgun in Massachusetts. Mass. Gen. Laws c. 140, §§ 129B(6). The authority to grant LTCs is delegated by statute to the chief of police of each town. Id. § 131(d). Massachusetts law has two requirements for issuing an LTC. First, the license holder must not be categorically barred as a member of several groups (including minors, felons, mentally ill individuals and aliens) and, second, if not barred, the license holder must be a "suitable person to be issued such license." Id. § 131(d)(i)-(vii); Pineiro v. Gemme, No. 10-40602-FDS, 2011 WL 4853019, at *5 (D. Mass. Oct. 12, 2011).

Licensing decisions are subject to judicial review in state District Court. Id. § 121(f). Such a review "contemplates an evidentiary hearing" and a decision made "on all the facts." Godfrey v. Chief of Police of Wellesley, 616 N.E.2d 485, 487 (Mass. App. Ct. 1993). The decisions of the licensing authority may be reviewed by the Superior Court, Mass. Gen. Laws. c. 249, § 4, and, thereafter, by the state appellate courts.

B. **Factual Background and Procedural History**

The few facts presented are as follows and are uncontested unless otherwise noted.

In 2008, defendant Silva issued plaintiff an LTC which remained valid until April, 2013. On April 26, 2013, defendant mailed plaintiff a letter advising him that his LTC had been suspended because he had been "deemed to be an unsuitable person" under Mass. Gen. Laws c. 140, § 131. As grounds therefor, the letter relied on (1) plaintiff's statements made "about having loaded guns and going after specific party" and (2) plaintiff's confinement in a hospital or mental institution without an accompanying affidavit from a physician.

On July 24, 2013, plaintiff filed a petition in the Massachusetts District Court Department, Gloucester Division, for judicial review of the suspension of his LTC. Invoking the statutorily-prescribed state law action, plaintiff argued that defendant's decision to suspend his LTC was arbitrary, capricious and an abuse of discretion. Plaintiff contested the factual basis of both of the grounds listed in defendant's letter of April, 2013, and included an affidavit from a doctor attesting to his suitability to possess a firearm. Plaintiff also contended that the suspension on the ground that he is not "suitable" violated his rights under the Second Amendment but he did not explicitly claim that the state statute is unconstitutional.

On August 29, 2013, defendant filed a notice of removal, asserting that this Court has original jurisdiction under 42

U.S.C. § 1983 because plaintiff's petition included some claims arising under the federal Constitution. Plaintiff moved to remand the following month, specifically requesting that the Court (1) remand his state law claim and (2) issue a stay and retain jurisdiction over his federal constitutional claim. Plaintiff filed an affidavit from counsel Richard Chambers, Jr. ("the Chambers Affidavit") with his motion to "clarify the claims that [plaintiff] has asserted in his Petition." The affidavit reasserted defendant's challenge to defendant's application of state law, specifically his decision to revoke plaintiff's LTC on the grounds that he was not a "suitable person," but noted that plaintiff "intends" to assert a constitutional challenge "only if the state court fails to grant him relief."

## II. Plaintiff's Motion to Remand

Plaintiff claims that the Court cannot exercise original or supplemental jurisdiction over his state law claim. He suggests that original jurisdiction cannot lie because the state law claims are actionable only pursuant to the procedures outlined in Mass. Gen. Laws c. 140, § 131, and supplemental jurisdiction is barred because the state law claims do not stem from the same "common nucleus of operative fact" as the constitutional claims.

Even if the Court were to find sufficient shared facts to exercise supplemental jurisdiction, plaintiff argues that the

Court should decline such jurisdiction either because the claim raises a "novel or complex issue of state law," see 28 U.S.C. § 1376(c)(1), or because uncertain state law questions could complicate resolution of the constitutional issues, see Railroad Comm'n of Texas v. Pullman Co., 312 U.S. 496 (1942).

Defendant responds that the Court has original jurisdiction because plaintiff's complaint alleges a constitutional violation and that supplemental jurisdiction is proper because both claims arise from the suspension of plaintiff's LTC. Defendant opposes abstention, maintaining that the "suitable person" standard is neither "novel or complex" under § 1376(c)(1) nor "substantially uncertain" under Pullman. Defendant adds that plaintiff has not notified the Massachusetts Attorney General of his purported constitutional challenge as required by Fed. R. Civ. P. 5.1(a).

### A.   Original Jurisdiction

The original jurisdiction question before the Court is not complicated. Plaintiff is correct that the Court cannot exercise original jurisdiction over his state law claim under 28 U.S.C. § 1331. Defendant's contention to the contrary fails to distinguish between original and supplemental jurisdiction. The Court cannot exercise original jurisdiction over plaintiff's state law claim.

B.   Supplemental Jurisdiction

The Court also declines to exercise supplemental jurisdiction over plaintiff's state law claim. Supplemental jurisdiction can attach when a state law claim is so closely related to a federal claim that it forms "part of the same case or controversy." 28 U.S.C. § 1367(a). Such a state law claim must, however, arise under the same "common nucleus of operative fact" as a federal claim. Global Naps, Inc. v. Verizon New England, 603 F.3d 71, 86 (1st Cir. 2010) (citation omitted).

The facts necessary to prove the respective claims are similar but, ultimately, distinct. To prevail on his state law claim, plaintiff would have to prove that defendant's decision to suspend his LTC was "arbitrary, capricious, or an abuse of discretion." Firearms Records Bureau v. Simkin, 466 Mass. 168, 179 (2013). Such a determination would require factual inquiries concerning the veracity of defendant's stated grounds.

To prevail on a federal constitutional challenge to § 131(d), plaintiff would have to prove that it is unconstitutional under the Second Amendment to deny him an LTC based on a determination that he is not "suitable." That determination would not require discovery but simply whether such a suspension comports with the Second Amendment as interpreted by the Supreme Court and the First Circuit Court of Appeals. Accordingly, the facts necessary to prove plaintiff's

state law claim are not "practically the same" as those necessary to prove his constitutional challenge. See Pueblo Int'l, Inc. v. De Cardona, 725 F.2d 823, 826 (1st Cir. 1984). Therefore, the Court will decline to exercise supplemental jurisdiction over plaintiff's state law claim and will remand the case to the Massachusetts District Court Department, Gloucester Division.[1]

### III. Plaintiff's Constitutional Challenge

Without jurisdiction over plaintiff's state law claim, this Court would ordinarily proceed apace to consider plaintiff's constitutional challenge. The posture of this case and the incongruous pleadings give the Court pause, however, in that regard. Accordingly, the Court now evaluates plaintiff's purported challenge to the constitutionality of the "suitable person" standard in Mass. Gen. Laws c. 140, § 131(d).

Defendant removed the case based on the plaintiff's claims "arising out of the Constitution" because plaintiff had claimed in his state court petition that defendant's suspension of his LTC violated his rights under the Second Amendment to the United States Constitution.

Other actions by plaintiff suggest, however, that he does not intend to assert a constitutional claim at this juncture.

---

[1] Because the Court declines to exercise supplemental jurisdiction over plaintiff's state law claim, it need not reach the merits of plaintiff's abstention arguments.

First, although plaintiff's petition included constitutional arguments, he requested no relief related to the constitutionality of § 131(d). Second, plaintiff has not notified the Massachusetts Attorney General that he is challenging § 131(d) on federal constitutional grounds. See Fed. R. Civ. P. 5.1(a) (requiring notice to the state attorney general if any "pleading, written motion, or other paper" calls into question the constitutionality of a state statute). Third, the Chambers Affidavit, filed by plaintiff along with his motion to remand, clarifies that he "intends" to assert a constitutional challenge "only if the state court fails to grant him relief." (emphasis added). These facts leave this Court skeptical as to whether plaintiff is actively asserting a constitutional claim in this case.

Federal courts are ill-advised to act of their own initiative in our legal system. The adversarial process clarifies and sharpens arguments, giving courts the benefit of opposing viewpoints justiciable issues. There are times, however, when it is

> appropriate [for a district court] note the inadequacy of the complaint and, on its own initiative, dismiss the complaint.

See Wyatt v. City of Boston, 35 F.3d 13, 14-15 (1st Cir. 1994). In such circumstances, however, district courts "must move cautiously," Clorox Co. Puerto Rico v. Proctor & Gamble

Commercial Co., 228 F.3d 24, 30 (1st Cir. 2000), and employ a "fair" procedure. Wyatt, 35 F.3d at 14 (quoting 5A C. Wright & A. Miller, Federal Practice and Procedure § 1357, at 301 (2d ed. 1990)). Decisions upholding sua sponte dismissals emphasize that, in such cases, the party whose claim is dismissed must be given notice and an opportunity to amend the complaint. See Clorox Co. Puerto Rico, 228 F.3d at 30.

To balance the Court's conflicting responsibilities in this instance, namely to manage efficiently the cases before it and to ensure any sua sponte dismissals are fairly imposed, the Court finds that it is reasonable here to dismiss without prejudice plaintiff's constitutional claim. See id. Should plaintiff intend to assert that claim, he may re-file it in this Court provided, however, that he first notify the Massachusetts Attorney General as required under Fed. R. Civ. P. 5.1(a).

**ORDER**

Accordingly, as previously ruled in the Order of this Court entered on December 5, 2013 (Docket No. 20):

1) plaintiff's Motion to Remand (Docket No. 11) is, with respect to plaintiff's state law claim, **ALLOWED**, but is, with respect to plaintiff's potential constitutional challenge, **DENIED**;

2) plaintiff's potential challenge to the constitutionality of Mass. Gen. Laws c. 140, § 131(d) is **DISMISSED,** without prejudice;

3) if plaintiff intends to challenge the constitutional validity of § 131(d) at this time, he may file an amended complaint on or before December 26, 2013, so long as he also complies with Fed. R. Civ. P. 8(a) and 5.1(a).

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated December 10, 2013